IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| EMIR DINI,<br><br>        Plaintiff,<br><br>v.<br><br>IOWA CIVIL RIGHTS COMMISSION and<br>ELIZABETH JOHNSON,<br><br>        Defendants. | **No. 4:20-cv-00284-RGE-HCA**<br><br>**INITIAL REVIEW ORDER<br>DISMISSING COMPLAINT** |

Plaintiff Emir Dini brings this pro se "Title VI Complaint" asking the Court to block the Iowa Civil Rights Commission from receiving federal funds. ECF No. 1. He also asks the Court to declare unconstitutional portions of the Iowa Code and Iowa Administrative Code. *Id.* ¶ 2. Dini seeks leave to proceed in forma pauperis, ECF No. 2, and requests the appointment of counsel, ECF No. 4. Based on the information presented in his motion to proceed in forma pauperis, the Court grants Dini leave to proceed without the prepayment of fees.

For the following reasons, the Court concludes summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2) (directing court to dismiss in forma pauperis complaint at any time if action is frivolous or fails to state claim upon which relief may be granted).

## I.    SUMMARY OF COMPLAINT

Dini alleges the Iowa Civil Right Commission applies Iowa law in a way that discourages individuals from filing civil rights complaints, and those that do are "subjected to strict and spiteful legal standards that deny them . . . the ability to be productive members of society, free from economic and civic exclusion." ECF No.1 ¶ 27. Specifically, he asserts Iowa Administrative Code r. 161-3.12(1)(a) "authorizes the commission to send questionnaires to charging parties." *Id.* ¶ 28.

These questionnaires, which may be different for each party, are used to screen complaints under rule 161-3.12(1)(f) for a probable cause determination. *Id.* ¶¶ 28–29. Dini asserts these questionnaires are "in some instances, 17-page surveys, asking [complainants] to answer and re-answer questions already provided in the original charge. The process is cumbersome [and] done deliberately to discourage charging parties from proceeding forward in the civil rights process." *Id.* ¶ 28. According to Dini, this contributes to a 55% administrative closure rate, the highest among all states, and even higher than some federal agencies. *Id.* ¶¶ 29–31. Dini also alleges the questionnaires allow agencies to "opt-out of its statutory obligation to investigate prima facie cases of discrimination or workplace harassment." *Id.* ¶ 29.

Further, Dini alleges Iowa Code § 216.16(3)(a)(1) prohibits private rights of action when there is no finding of probable cause. *Id.* ¶ 31. He contends these legal provisions work together to have "a race-specific impact on Iowa's African-American population and other insular minority groups by depriving them of the process of having their civil rights claims thoroughly investigated." *Id.*

## II.   LEGAL STANDARD

Where a plaintiff is proceeding pro se, "the court shall dismiss the case at any time" if the case "is frivolous or malicious" or if the case "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *see also Moore v. Sims*, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (acknowledging § 1915(e)(2) review for pro se cases).

A claim is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard

requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient; the complaint must go beyond bald assertions that lack any factual support. *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404–05 (8th Cir. 2017).

A pro se complaint is "held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Rinehart v. Weitzell*, 964 F.3d 684, 687 (8th Cir. 2020) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

## III.   DISCUSSION

### A.   Jurisdiction

Dini alleges jurisdiction here is based on federal question jurisdiction. ECF No. 1 at 22; *see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "'[F]ederal courts are courts of limited, not general, jurisdiction.'" *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008) (alteration in original) (quoting *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991)). This means a federal "court has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

"Article III standing requires (1) an 'injury in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Dalton v. JJSC Props., LLC*, 967 F.3d 909, 912–13 (8th Cir. 2020) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest'

that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1).

Dini alleges he "is a party that has been impacted by the Defendants' policies." ECF No. 1 at 1. He does not further explain, however, in what way he was impacted. Dini is a resident of Ohio, *id.* at 22, and does not allege any personal connection with Iowa or its laws. Nor does Dini allege he is a member of any protected class. Dini does allege the Iowa Administrative Code places an undue burden on complainants "[p]er the Plaintiff's own experience." ECF No. 1 at 12. He does not set forth any details of his experiences.

"[A] plaintiff cannot 'allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.'" *Auer v. Trans Union, LLC*, 902 F.3d 873, 877 (8th Cir. 2018) (quoting *Spokeo*, 136 S. Ct. at 1549). Dini has failed to allege any particularized injury, and consequently, lacks standing to bring this case. The Court does not have jurisdiction over Dini's claims.

**B.    Substantive Claim**

Even if this Court had jurisdiction, Dini's claim cannot proceed. First, Dini asks this Court to bar the United States Equal Employment Opportunity Commission and United States Department of Housing and Urban Development from distributing money to the Iowa Civil Rights Commission. ECF No. 1 at 21. Dini does not name any federal agency as a defendant here. As such, this Court could not enter any injunction against them.

Next, Dini asks the Court to declare unconstitutional Iowa Code § 216.16(3)(a)(1) and Iowa Administrative Code r. 161-3.12(1)(f) because these provisions have a race-specific

impact on Iowa's African-American population. *Id.* He asks for this relief "under Title VI (42 U.S.C. § 2000d et seq.)." ECF No. 1 at 1. Although Dini discusses procedural and substantive due process, he does not allege claims under any statute apart from Title VI. ECF No. 1 ¶¶ 2; 6; *id.* at 22.

Title VI, § 601, of the Civil Rights Act of 1964, states "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI allows individuals to bring a private cause of action for both injunctive relief and damages. *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). This provision, however, "prohibits only intentional discrimination." *Id.* at 280. That is, "[p]roof of disparate impact is not sufficient." *Mumid v. Abraham Lincoln High Sch.*, 618 F.3d 789, 794 (8th Cir. 2010).

Dini makes no allegations that Defendants intentionally discriminated against him. As stated above, he has not alleged in what way he has been affected by Iowa rules and laws. He does not allege he filed a complaint with the Iowa Civil Rights Commission, when he filed a complaint, against whom, or the outcome of such complaint. Dini alleges he is aware, based on his "own experience," that the Iowa rules and law discourage victims of discrimination from pursuing their claims. ECF No. 1 at 12.  He does not, however, allege any experience to support his position. The complaint is devoid of any allegations of intent, much less intentional discrimination. Because he has not alleged any intentional discrimination by Defendants, his claim based on Title VI must be dismissed. *See Joseph v. Metro. Museum of Art*, 684 F. App'x 16, 17 (2d Cir. 2017) (holding Title VI claim for declaratory relief must allege intentional discrimination not merely disparate impact).

### III.    SUMMARY AND CONCLUSION

For the reasons discussed above, summary dismissal is appropriate. The Court lacks jurisdiction over Dini's claims. Furthermore, Dini's claims substantively fail.

**IT IS ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff Emir Dini's motion for leave to proceed in forma pauperis, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Emir Dini's Motion to Appoint Counsel, ECF No. 4, is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 3rd day of November, 2020.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE